Case No. 23-12884F

# In the United States Court of Appeals for the Eleventh Circuit

## TIANA HILL

*Plaintiff-Appellant,*

v.

## CLAYTON COUNTY, GEORGIA, et al,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
Civil Action NO. 1:21-CV-05300-TWT

## APPELLANT'S OPENING BRIEF

Mitchell L. Albert III
Albert III & Associates LLC
3330 Cumberland Blvd. Suite 500
Atlanta, GA 30339
(770) 675-6749

*Attorney for Appellant*
Tiana Hill

**Case No. 23-12884F**
**Tiana Hill v. Clayton County**

**Certificate of Interested Persons and Corporate Disclosure Statement**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellant Tiana Hill provides the following certificate of interested persons and corporate disclosure statement:

Tiana Hill is aware of the following trial judge(s), attorneys, persons, associates of persons, firms, partnerships, and corporations that have an interest in the outcome of this appeal:

1.    Hill, Tiana (Appellant)

2.    Albert III & Associates, LLC (law firm for attorney representing Appellant)

3.    Albert III, Mitchell L. (attorney for Appellant)

4.    Clayton County (Appellee)

5.    Clayton County Board of Commissioners (named as Appellee, but not a legal entity)

6.    Clopton, Dr. Charles (Defendant; not involved in this appeal)

7.    CorrectHealth Clayton, LLC (Defendant; not involved in this appeal)

8.    Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP (law firm for attorney representing Appellee Sheriff Victor Hill)

9.    Currie, Alison L. (attorney for Defendants CorrectHealth Clayton, LLC and Dr. Charles Clopton; not involved in this appeal)

10.    Daly, Jacob E. (attorney for Appellee Clayton County)

11.    Freeman Mathis & Gary, LLP (law firm for attorneys representing Appellee Clayton County)

12.    Hancock, Jack R. (attorney for Appellee Clayton County)

13.    Hill, Sheriff Victor (Appellee)

14.    Lavender III, Thomas E. (attorney for Defendants CorrectHealth Clayton, LLC and Dr. Charles Clopton; not involved in this appeal)

15.    Lavender Hoffman Alderman, LLC (law firm for attorneys representing Defendants CorrectHealth Clayton, LLC and Dr. Charles Clopton; not involved in this appeal)

16.    Sabzevari, A. Ali (attorney for Appellee Clayton County)

17.    Thrash, Thomas W. (Judge of the United States District Court for the Northern District of Georgia)

18.    Woodward, Karen E. (attorney for Appellee Sheriff Victor Hill)

At this time, apart from the above-named parties and entities, undersigned counsel is aware of no other person, associations, firms, partnerships, or corporations that have either a financial interest in or other interest which could be substantially affected by the outcome of this particular case.

## Statement Regarding Oral Argument

Ms. Hill's baby DH needlessly died. Ms. Hill suffered for months, pregnant, in the custody of Clayton County. Ms. Hill desires oral argument. At the center of this appeal is the interpretation of the wording of a confidential settlement agreement between Ms. Tiana Hill, CorrectHealth LLC and Dr. Charles Clopton. The reason that oral argument should be heard is that the issue of the understanding of the meeting of the minds of the parties who participated in the mediation is crucial in determining the true intent of the agreement. Oral argument would allow the Court the opportunity to fully explore this issue.

**Table Of Contents**

# Contents

Certificate of Interested Persons and Corporate Disclosure Statement ................C-1

Statement Regarding Oral Argument ....................................................................... i

Table Of Contents ................................................................................................... ii

Table of Citations ................................................................................................... iii

Statement Regarding Adoption ...............................................................................1

Jurisdictional Statement .........................................................................................2

Statement of the Issues...........................................................................................10

Statement of the Case.............................................................................................11

Summary of the Argument......................................................................................16

Argument.................................................................................................................18

   I.    STANDARD OF REVIEW ............................................................................18

   II.   DEFENDANTS CLAYTON COUNTY AND VICTOR HILL ARE NOT PARTIES TO THE CONFIDENTAIL SETTLEMENT AGREEMENT AND THEREFORE ARE WITHOUT STANDING TO BRING A MOTION TO ENFORCE THE SETTLEMENT AGREEMENT ..............................................18

     A.   The Confidential Settlement Agreement Identifies the Parties and Beneficiaries to the Agreement. ........................................................................................................ 18

     B.   CorrectHealth Clayton LLC and Dr. Charles Clopton have been Dismissed With Prejudice and are unable to bring a motion to enforce the settlement agreement. ................ 23

   III.   THE INTENT OF THE CONTRACTUAL PARTIES TO THE SETTLEMENT AGREEMENT IS NOT THE INTENT AND REQUIRMENTS ARTICULATED BY THE COURT. ..................................................................26

   IV.   CONCLUSION ........................................................................................33

Certificate of Compliance .......................................................................................35

Certificate of Service ..............................................................................................36

# Table of Citations

**Cases**

Affiliati Network, Inc. v. Common Sense Beauty, LLC, 2019 U.S. App. LEXIS 23376 (11th Cir. 2019)....................................................................................9

Am. Fletcher Mortg. Co. v. First Am. Inv. Corp., 463 F. Supp. 186 (N.D. Ga. 1978) ............................................................................................... 22, 23

Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012) ......... 25, 26

Boller v. Robert W. Woodruff Arts Ctr., Inc., 311 Ga. App. 693 (2011) ..............22

Broadnax v. Sand Lake Cancer Ctr., P.A., 819 Fed. Appx. 800 (11th Cir. 2020) ....8

Carruth v. Aetna Life Insurance Company, 157 Ga. 608 (1922) ...........................23

CDP Event Servs., Inc. v. Atcheson, 289 Ga. App. 183 (2008)..............................22

Cohen v. DeKalb Cnty. Sch. Dist., No., 2009 WL 4261161 (N.D. Ga. 2009). 16, 19

Dominic v. Eurocar Classics, 310 Ga. App. 825 (2011) ........................................22

Estate of Pitts v. City of Atlanta, 312 Ga. App. 599 (2011)...................................22

Grun v. Pneumo Abex Corp., 163 F.3d 411 (7th Cir. 1998) ..................................16

Hayes v. Nat'l Serv. Indus., 196 F.3d 1252 (11th Cir. 1990) .................................15

Hendrickson v. United States, 791 F.3d 354 (2d Cir. 2015) ..................................26

Hickey v. A.E. Staley Mfg., 995 F.2d 1385 (7th Cir. 1993) ...................................16

Huck v. Phila. Consol. Holding Corp., 2020 U.S. Dist. LEXIS 149810 (N.D. Ga. 2020). ...............................................................................................................22

Levy v. Empire Insurance Company, 379 F.2d 860 (5th Cir. 1969) .......................23

Liberty Mut. Ins. Co. v. Miller, 278 So.3d 948 (Fla. App. 2019) ............................8

Managed Care Advisory Group, LLC v. CIGNA Healthcare, Inc., 939 F.3d 1145 (11th Cir. 2019)....................................................................................................15

Marvel Enters. v. World Wrestling Fed'n Entm't, 271 Ga. App. 607 (2005) ..........22

Massachusetts Casualty Ins. Co. v. Forman, 469 F.2d 259, 260 (5th Cir. 1994) ......7

Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978) .....................................4

Morris v. Bessemer City Bd. of Educ., 2024 U.S. App. LEXIS 1057 (11th Cir. 2024) ....................................................................................................16

Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347 (11th Cir. 2000)......15

Ryan v. Chromalloy American Corp., 877 F.2d 598 (7th Cir. 1989)......................16

S.L.T. Warehouse Co. v. Webb , 304 So.2d 97 (Fla. 1974)......................................8

SmallBizPros, Inc. v. MacDonald, 618 F.3d 458 (5th Cir. 2010) ..........................26

Vinnett v. Gen. Elec. Co., 271 Fed. Appx. 908 (11th Cir. 2008) ...........................19

**Statutes**

28 U.S.C. § 1291 ...........................................................................................7

28 U.S.C. § 1331 ...........................................................................................6

28 U.S.C. § 1334 ...........................................................................................6

28 U.S.C. § 1367 ...........................................................................................6

28 U.S.C. § 1391 ...........................................................................................6

42 U.S.C. § 1983 ............................................................................... 3, 4, 6, 11

42 U.S.C. § 1988 ............................................................................... 3, 4, 6, 11

Ga.Code § 3-108 ..........................................................................................22

O.C.G.A. § 51-4-4 ..........................................................................................5

O.C.G.A. § 9-2-20 ........................................................................................20

## Statement Regarding Adoption

Ms. Hill does not make any adoptions.

## Jurisdictional Statement

Plaintiff Tiana Hill ("Ms. Hill" or "Plaintiff"), individually and as a mother and next friend of her minor child baby D.H. (Baby D.H.), by and through her undersigned counsel, brought their action and amended complaint against Defendants Clayton County (Georgia) "Clayton County", former Clayton County Sheriff Victor Hill "Victor Hill", in his official and individual capacities.

Ms. Hill brought her action based on the total and complete denial of medical care which led to the suffering of Ms. Tiana Hill and the death of baby D.H.

<u>Nature and Basis of the Action</u>

The mother Ms. Tiana Hill, the mother to Baby D.H., was detained in Clayton County Jail for more than 5 months, from September 2019 to February 2020.

Clayton County jail is a paramilitary facility which was under the control of defendant Sheriff Victor Hill.    When Ms. Hill was admitted to Clayton County jail she informed the jail staff that she was pregnant. The jail staff noted in its September 19, 2019 intake record for Ms. Hill that she was pregnant.

From September to December, over more than three months, on numerous occasions, Ms. Hill asked for medical care for her and her unborn child but Clayton County jail denied her requested medical care.  For example, Ms. Hill repeatedly requested prenatal care but received no medical attention for her pregnancy from Clayton County jail.

2

On December 29, 2019, Ms. Hill went into labor. At 23:12 she was admitted into the jail infirmary. Ms. Hill pleaded with the jail staff to be sent to a hospital, but the jail refused to send Ms. Hill to any medical facility.

On December 30, 2019 at 12:32, 13 hours after being admitted into the jail infirmary, Ms. Hill gave birth in her panties to Baby D.H. Thereafter, Ms. Hill and Baby D.H. were transferred to the hospital.

Baby D.H. died on January 3, 2020.

Ms. Hill's claims are for damages brought pursuant to 42 U.S.C. § § 1983 and 1988 for violations of the 4th, 8th, and 14th Amendments to the United States Constitution as well as the Georgia Constitution and Georgia law against:

**(A).** Defendant Sheriff Victor Hill in his official and individual capacity who knew or should have known that the actions and lack of actions he took within his sphere of official responsibility would violate the constitutional right of medical care of Ms. Hill and Baby D.H. by denying and refusing to provide Ms. Hill and her Baby D.H. prenatal and medical care thereby causing physical pain, emotional distress, and the death of Baby D.H. Claim made pursuant to 42 U.S.C. § § 1983 and 1988 in violation of United States Constitution 4, 8, and 14 Amendments right of protection against unlawful seizure and, cruel and unusual punishment interpreted by the U.S. Supreme Court to prohibit deliberate indifference to serious medical needs of prisoners;

3

**(B).**    The Clayton County Jail Staff to be named who knew or should have known that their actions and lack of actions taken within their sphere of official responsibility would violate the constitutional right of medical care of Ms. Hill and Baby DH by denying and refusing to provide Ms. Hill and her Baby D.H. prenatal and medical care thereby causing physical pain, emotional distress, and the death of Baby D.H. Claim made pursuant to 42 U.S.C. § § 1983 and 1988 in violation of United States Constitution 4th, 8th, and 14th Amendment rights of unlawful seizure and, protection against cruel and unusual punishment interpreted by the U.S. Supreme Court to prohibit deliberate indifference to serious medical needs of prisoners;

**(C).**    Clayton County by their policies and customs, actions and inactions on funding the Clayton County Jail were the moving force behind the constitutional violations of rights which caused Ms. Hill and Baby D.H. unconscionable suffering and ultimate death (*Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

Parties, Jurisdiction, and Venue

Plaintiff Tiana Hill, individually, is a natural person and citizen of the United States of America, residing in Georgia, and is of full age entitled to pursue claims for recovery on her own behalf.

Plaintiff Tiana Hill, mother of minor child Baby D.H., Ms. Hill holds statutory rights under O.C.G.A. § 51-4-4. Thus, Ms. Tiana Hill is the proper party to prosecute estate claims and to pursue a wrongful death action regarding Baby D.H.

Defendant Clayton County, Georgia, is a county organized and existing under the laws of the State of Georgia. Clayton County is responsible for "any needed medical and hospital attention" of jail detainees O.C.G.A. 42-5-2. The County may be served by service on the Chairman of Clayton County Board of Commissioners, Jeffery E. Turner Clayton County Administration, Annex 1, 112 Smith Street, Jonesboro, GA 30236.

Defendant Victor Hill was the Sheriff of Clayton County, Georgia, sued in his official and individual capacities. Defendant Sheriff Victor Hill was responsible for providing medical care to detainees. He may be served at the Clayton County Sheriff's Office 9157 Tara Boulevard, Jonesboro, Georgia 30326.

Defendant Clayton County Jail Staff may be sued in their official and individual capacities. Defendants were responsible for providing medical care to detainees. Defendants may be served at the Clayton County Sheriff's Office 9157 Tara Boulevard, Jonesboro, Georgia 30326.

At all times relevant herein, the above-named Defendants acted under color and authority of state law for purposes of the federal constitutional claims against them.

There are a number of individuals that have committed unlawful acts against Plaintiff whose identities are currently unknown to Plaintiff. Plaintiff intends to identify additional Defendants whose deliberate indifference contributed to causing the pain and suffering of Tiana Hill and death of Baby D.H., including but not limited to deputies, jailers, and jail staff members who were responsible. Said Defendants will be added by amendment once their identities have been ascertained through discovery.

This is a claim for damages brought pursuant to 42 U.S.C. § § 1983 and 1988 for violations of the 4th, 8th, and 14th, Amendments to the United States Constitution as well as the Constitution and laws of the State of Georgia.

All parties herein are subject to the personal jurisdiction of this Court.

Subject matter jurisdiction is proper based on 28 U.S.C. §§ 1331 and 1343 because Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of the 4th, 8th, and 14th Amendment rights. The Court has supplemental jurisdiction over Plaintiff's state law claims which arise from the same transactions and occurrences under 28 U.S.C. § 1367.

Venue is proper pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in the state of Georgia and a substantial part of the events or omissions giving rise to the claim occurred in Clayton County, which is within the Atlanta Division of the Northern District of Georgia.

A District Court's Order to enforce a settlement agreement is a final Order as it forecloses any additional claims. 28 U.S.C. § 1291 provides "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States,…"

"A district court's order is final when it disposes a primary issue between the parties. As stated by the U.S. Court of Appeals "it amounted to a final disposition of the primary issue then existing between the parties" *Massachusetts Casualty Ins. Co. v. Forman*, 469 F.2d 259, 260 (5th 1994). "A final order is one that "constitutes the end of the judicial labor in the cause, and nothing further remains to be done by the Court to effectuate a termination of the cause as between the parties directly affected*." S.L.T. Warehouse Co. v. Webb* , 304 So.2d 97, 99 (Fla. 1974). "[I]n the context of a workers' compensation case, an order that decides all issues then ripe for adjudication is considered to be a..." *Liberty Mut. Ins. Co. v. Miller*, 278 So.3d 948 (Fla. App. 2019).

The issue of jurisdiction of the U.S. Court of Appeals to rule on a district court's granting enforcement of a settlement agreement is a well settled matter. In the first footnote of their opinion, the U.S. Court of Appeals stated:

> "Broadnax also raises the issue of whether we have appellate jurisdiction to entertain an appeal of an order

> enforcing a settlement agreement pursuant to 28 U.S.C. §
> 1291. That question was settled in our Circuit long
> ago. *See Mass. Cas. Ins. Co. v. Forman*, 469 F.2d 259, 260
> (5th Cir. 1972) (holding that an order enforcing
> a settlement agreement where material facts are not in
> dispute was "in practical effect" a "final judgment within
> the meaning of § 1291…"

*Broadnax v. Sand Lake Cancer Ctr., P.A*., 819 Fed. Appx. 799, 800 (11th Cir.

2020).

A district court's order to enforce a settlement agreement is considered a final

disposition subject to appeal as shown by case law.

This Court has previously stated:

> In addition, we have appellate jurisdiction under 28 U.S.C.
> § 1291, because the order enforcing settlement agreement
> is a final decision. *See, e.g., Mass. Cas. Ins. Co. v. Forman*,
> 469 F.2d 259, 260 (5th Cir. 1972) (concluding that an order
> enforcing a settlement was a final judgment under § 1291
> because it was "a final disposition of the primary issue
> then existing between the parties").

*Affiliati Network, Inc. v. Common Sense Beauty, LLC*, 2019 U.S. App. LEXIS

23376, *1 (11th Cir. 2019).

The United States District Court for the Northern District of Georgia Atlanta

Division entered its Order granting the Defendants Clayton County and Victor Hill

Motion to Enforce Settlement on August 3, 2023 (N. D. Ga. Doc. 101) Ms. Tiana

Hill the Plaintiff, filed her Notice of Appeal on September 1, 2023 (N. D. Ga. Doc.

109) 29 days after the filing of the District Court's order thereby complying with FRAP 4 (a) (1) (A).

Before Ms. Hill filed her Notice of Appeal she filed her Motion for Reconsideration (N. D. Ga. Doc. 102) and Motion to Set Aside Order (N. D. Ga. Doc. 104). The United States 11th Circuit Court of Appeals issued a Memorandum to Counsel or Parties, Tolling Motion, suspending all appeal deadlines (N. D. Ga. Doc. 113 and U.S.C.A. 11th Cir. Doc. 17).

On November 1, 2023, Appellee Clayton County, Ga. Filed their Motion to Dismiss for Lack of appellate jurisdiction (U.S.C.A. 11th Cir. Doc. 21). On November 10, 2023, Ms. Tiana Hill, Appellant filed her response in objection (U.S.C.A. 11th Cir. Doc. 24).   On February 16, 2024, the 11th Circuit Court of Appeals issued its Order stating the jurisdictional issue was carried with the case (U.S.C.A. 11th Cir. Doc. 32).

Ms. Hill's Appellant Opening Brief is due on May 24, 2024.

Ms. Hill's appeal is from the District Court's order to enforce the confidential settlement agreement thereby establishing jurisdiction of the 11th Circuit Court of Appeals.

9

Statement of the Issues

I.    Whether the district court erred in granting standing to the defendants and

former defendants on a motion to enforce settlement agreement.

II.    Whether the district court erred in interpreting the intent of the parties to

the confidential settlement agreement.

Statement of the Case

## I.    Procedural History

Ms. Tiana Hill was horrifically forced to lay in a blood saturated pad, after 13 hours of being held in the Clayton County jail she gave birth to Baby D.H. in her panties. Days later Baby D.H. died.  For months prior to going into labor, Ms. Hill told Clayton County jail that she was pregnant and pleaded for prenatal care. She never received any prenatal care. Ms. Hill filed her complaint for damages pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Eighth, and Fourteen Amendments to the United States Constitution as well as the Georgia Constitution and Georgia law (N. D. Ga. Docs. 1 Initial Complaint, 39 Amended Complaint, 42 Corrected Amended Complaint, 75 Amended Complaint)

On December 13, 2022 Ms. Tiana Hill and former defendants CorrectHealth LLC and Dr. Charles Clopton conducted a mediation. The Defendants Clayton County and Victor were invited but chose not to attend.

The parties to the mediation, Tiana Hill and CorrectHealth reached a settlement and entered into a Confidential Settlement Agreement (N. D. Ga. Doc. 81-2 Sealed). It is important to note that section 1.5 of the Confidential Settlement Agreement was stricken from the agreement.

By Orders signed by the District Court defendants CorrectHealth LLC and Dr. Charles Clopton were dismissed with prejudice (N. D. Ga. Docs. 69 and 71).

11

In accordance with the settlement agreement, Ms. Hill filed her Amended Complaint (N. D. Ga. Doc. 75).

Thereafter the Defendants Clayton County Ga. and Victor Hill filed their Motion for Relief Enforce Settlement (N. D. Ga. Doc. 80).

Ms. Hill filed her Response in Opposition (N. D. Ga. Doc. 88).

The District Court entered its Order granting the Defendants Motion to Enforce Settlement (N. D. Ga. Doc. 101).

Ms. Hill filed her Motion for Reconsideration of the District Court's Order granting the Defendant's Motion to Enforce Settlement and Motion to Set Aside Order (N. D. Ga. Docs. 102 and 104).

Former Defendants CorrectHealth LLC and Dr. Charles Clopton filed a response to Ms. Hill's Motion for Reconsideration (N. D. Ga. Doc. 103)

Defendants Clayton County and Victor Hill filed their responses to Ms. Hill's Motion for Reconsideration and Motion to Set Aside (N. D. Ga. Docs. 106 and 107).

Ms. Hill Filed her response to former Defendants CorrectHealth LLC and Dr. Charles Clopton (N. D. Ga. Doc. 108).

Thereafter Ms. Hill filed her Notice of Appeal (N. D. Ga. Doc. 108)

The District Court entered Amended Orders dismissing CorrectHealth LLC and Dr. Charles Clopton (N. D. Ga. Doc. 108)

The District Court also entered its Order denying Ms. Hill's Motion for Reconsideration denying as moot her Motion to Set Aside (N. D. Ga. Doc. 116)

## II.    Statement of Facts

Ms. Tiana Hill on behalf of her Baby DH filed their Complaint to recover for the horrendous death pain and suffering they endured (N. D. Ga. Docs. 1 Initial Complaint, 39 Amended Complaint, 42 Corrected Amended Complaint, 75 Amended Complaint).

Ms. Tiana Hill and former Defendants CorrectHealth LLC and Dr. Charles Clopton mediated this matter which resulted in a Confidential Settlement Agreement (N. D. Ga. Doc. 81-2 Sealed)

Defendants Clayton County and Victor Hill were extended an invitation to attend the mediation but chose not to attend. (N.D. Ga. Doc. 88)

Former Defendants Correct Health and Dr. Charles Clopton were Dismissed with Prejudice (N. D. Ga. Docs. 69 and 71).

Ms. Tiana Hill filed her Amended Complaint in compliance the Confidential Settlement Agreement (N. D. Ga. Doc. 75).

Defendants Clayton County and Victor Hill filed their motion to enforce settlement agreement (N. D. Ga. Doc. 80).

Ms. Tiana Hill opposed the defendant's motion to enforce settlement agreement (N. D. Ga. Doc. 88)

The District Court granted the Defendant's motion to enforce settlement agreement (N. D. Ga. Doc. 101).

Ms. Tiana Hill moved the District Court to reconsider its Order granting the Defendant's motion (N. D. Ga. Doc. 102)

Ms. Tiana Hill filed her Notice of Appeal (N. D. Ga. Doc. 109).

The District Court amended its Orders dismissing CorrectHealth LLC and Dr. Charles Clopton (N.D. Ga. Docs 114 and 115).

The District Court denied Ms. Hill's Motion for Reconsideration (N.D. Ga. Doc. 116).

## III.    Standard of Review

The Standard of review for an appeal of an order enforcing a settlement agreement is abuse of discretion.

"We review a district court's order enforcing a settlement agreement for an abuse of discretion." *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1990). The construction and enforceability of a settlement agreement is governed by state law. *See id*. And we review the interpretation of a settlement agreement de novo. *See Managed Care Advisory Group, LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1153 (11th Cir. 2019). *See also Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) ("Principles governing general contract

[*5] law apply to interpret settlement agreements."). *Morris v. Bessemer City Bd. of Educ*., 2024 U.S. App. LEXIS 1057, *4-5 (11th Cir. Jan. 16, 2024).

"A motion to enforce a settlement agreement is evaluated under the standards similar to a motion for summary judgment." *Cohen v. DeKalb Cnty. Sch. Dist., No.*, 1:09-CV-1153-WSD, 2009 U.S. Dist. LEXIS 110078, 2009 WL 4261161, at *4 (N.D. Ga. Nov. 25, 2009) (citation omitted). The moving party bears the burden of showing the absence of a genuine issue of material fact, and "[t]he Court must draw all disputed factual inferences in the light most favorable to the non-moving party." *Cato v. Home Depot, Inc*., 2023 U.S. Dist. LEXIS 234315, *7 (citation omitted). "To prevail, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case." *Id*. (quotation and citation omitted)." *Id*.

"When interpreting written contracts, we initially determine, as a matter of law, whether the contract is ambiguous or unambiguous. *See Ryan v. Chromalloy American Corp.*, 877 F.2d 598, 602 (7th Cir. 1989). Ambiguity exists if a provision is subject to reasonable alternative interpretations. *Hickey v. A.E. Staley Mfg.,* 995 F.2d 1385, 1389 (7th Cir. 1993) (citing *Taylor v. Continental Group*, 933 F.2d 1227, 1232 (3rd Cir. 1991)); *Grun v. Pneumo Abex Corp*., 163 F.3d 411, 420 (7th Cir. 1998).

## Summary of the Argument

Ms. Tiana Hill experienced suffering beyond measure while being detained by Clayton County where for months she requested pre-natal care. She lay in a blood saturated pad for hours begging to be sent to the hospital. She was not sent to the hospital. She gave birth to Baby D.H. in her panties. Baby D.H. died days later.

Ms. Hill and former defendants CorrectHealth and Dr. Charles Clopton conducted a mediation in hopes of settling the claims. Defendants Clayton County and Victor Hill were invited but chose not to participate.

Ms. Hill, CorrectHealth, and Dr. Charles Clopton reached a settlement. The parties to the mediation entered into a Confidential Settlement Agreement.

The former defendants CorrectHealth and Dr. Charles Clopton were dismissed from the case by Order of the District Court with prejudice. In that they were dismissed with prejudice they do not have to standing to bring a motion to enforce before the District Court

A dismissal with prejudice terminates the jurisdiction of the court over a party. In that they were dismissed with prejudice they do not have to standing to bring a motion to enforce before the District Court

The Confidential Settlement Agreement did not retain court jurisdiction over the agreement.

16

If CorrectHealth and Dr. Charles Clopton have an issue with Ms. Hill they must pursue those concerns in state court with a breach of contract claim.

Defendants Clayton County and Victor Hill were not parties to the mediation and did not participate in settlement. The Confidential Settlement Agreement in four (4) different sections identifies the parties and beneficiaries. Neither Clayton County nor Victor Hill is named as parties or to the identifies.

The District Court incorrectly interpreted the intent of the Confidential Settlement Agreement. The understanding and intent of the parties to the settlement agreement is the guiding force for interpretation. The understanding and intent of the parties is documented by email. In consideration of the ambiguity which has been raised the District Court had discretion to consider that factual information.

The District Court's Order to enforce settlement is in error.

**Argument**

## I.    STANDARD OF REVIEW

The Court uses the applicable state's contract law to construe and enforce settlement agreements. *Vinnett v. Gen. Elec. Co.,* 271 Fed. Appx. 908, 912 (11th Cir. 2008). *Cohen v. Dekalb Cty. Sch. Dist.,* No. 1:09-cv-1153-WSD, 2009 U.S. Dist. LEXIS 110078, at *10 (N.D. Ga. Nov. 25, 2009) .

## II.    DEFENDANTS CLAYTON COUNTY AND VICTOR HILL ARE NOT PARTIES TO THE CONFIDENTAIL SETTLEMENT AGREEMENT AND THEREFORE ARE WITHOUT STANDING TO BRING A MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

### A.    The Confidential Settlement Agreement Identifies the Parties and Beneficiaries to the Agreement.

The controlling language of the Confidential Settlement Agreement expressly states in four different sections who the parties and who are the beneficiaries to the agreement.

The District Court Stated in its order to enforce the settlement that "Defendants Clayton County and Victor Hill are clearly third party beneficiaries of the Settlement Agreement. In any event the former Defendants to enforce the agreement." (N.D. Ga. 101 pg. 3) The District Court's position is unsupported by the terms of the Confidential Settlement Agreement and by case law.

The language of the Confidential Settlement Agreement is direct, clear, descriptive and unambiguous on who the parties and beneficiaries of the settlement agreement are. The exact language of the settlement agreement reads:

1.  Introductory paragraph:

"This Confidential Settlement Agreement and Release ("Settlement Agreement") is entered this 13th day of December 22, 2022, **between Tiana Hill individually and as mother and next friend of baby D.H., her minor child ("Plaintiff') and CorrectHealth, LLC (Defendant").**" (N.D. Ga. Doc. 81-2 pg. 1 Sealed).

2. <u>Recitals</u> "Defendant is not the only Defendant party to the Action, **but is the only Defendant party to this Settlement**." (N.D. Ga. Doc. 81-2 pg. 1 Sealed).

3. "…Released Parties" **does not include** Clayton County Georgia, Clayton County Board of Commissioners, Clayton County Sheriff Victor Hill, in his official and individual capacities..." (N.D. Ga. Doc. 81-2 pg. 2  Sec. 1.2 Sealed).

4. 6.0Entire Agreement; Binding Effect; Benefit of Agreement

This Settlement Agreement constitutes the entire agreement between the Releasing Parties and the Released Parties with respect to the matters set forth

19

herein, and it supersedes any and all prior oral or written agreements, commitments, or understandings with respect to such matters. **This Settlement Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable only by the parties hereto.** Except as otherwise specified by applicable law, **no other person or entity shall be deemed to have any rights under this Settlement Agreement or be entitled to bring any action to enforce any of its provisions. (N.D. Ga. Doc. 81-2 pg. 2  Sec. 1.2 Sealed).** (N.D. Ga. Doc. 81-2 pg. 5  Sec. 6 Sealed).

The Confidential Settlement Agreement expressly states that Ms. Hill and CorrectHealth are the only parties who are the beneficiaries, and who have the authority to enforce the confidential settlement agreement.

Defendants Clayton County and Victor hill are not a third-party beneficiaries. Case law provides instruction on third party beneficiaries.

"Georgia law permits third-party beneficiaries to assert claims under a contract. O.C.G.A. § 9-2-20(b) ("The beneficiary of a contract made between other parties for [*11]  his benefit may maintain an action against the promisor on the contract."). **Third-party beneficiary status "depends upon the intention of the contracting parties to benefit the third party, and this intention is determined by a construction of the contract as a whole."** *Am. Fletcher Mortg. Co. v. First Am. Inv.*

20

*Corp.*, 463 F. Supp. 186, 195 (N.D. Ga. 1978). Put another way, "[a] third-party beneficiary contract is one in which the promisor engages to the promisee to render some performance to a third person." *Dominic v. Eurocar Classics*, 310 Ga. App. 825, 828 (2011) . To obtain this status, the contracting parties must demonstrate in the contract itself their intention to benefit the third party. *Id.* ("A third party has standing to enforce that type of contract if it clearly appears from the contract that it was intended for his benefit; **the mere fact that he would benefit from performance of the contract is insufficient.**").  There is no requirement, however, "that the third-party beneficiary be specifically named in the contract." *CDP Event Servs., Inc. v. Atcheson*, 289 Ga. App. 183, 184, 656 S.E.2d 537 (2008). *See also Estate of Pitts v. City of Atlanta*, 312 Ga. App. 599, 603, 719 S.E.2d 7 (2011); *Marvel Enters. v. World Wrestling Fed'n Entm't*, 271 Ga. App. 607, 615, 610 S.E.2d 583 (2005). If the contract is silent regarding the "intent to confer a benefit upon a plaintiff, the plaintiff may not recover as a third-party beneficiary to the contract." *Boller v. Robert W. Woodruff Arts Ctr., Inc.*, 311 Ga. App. 693, 698, 716 S.E.2d 713 (2011)." *Huck v. Phila. Consol. Holding Corp.*, Civil Action No. 1:19-cv-03336-SDG, 2020 U.S. Dist. LEXIS 149810, at *10-11 (N.D. Ga. Mar. 19, 2020).

The construction of the contract as a whole is the determining factor for the establishment of benefits to a third party. The fact that Clayton County may derive

some benefit from the settlement agreement does not make them an intended third-party beneficiary.

Any benefit that Clayton County receives is incidental.

"The general rule in Georgia is that the proper parties to bring an action on a [*195] contract are the parties who, in regard to the subject matter of the contract, have given consideration or exchanged mutual promises of performance. An exception to this general rule which is recognized in Georgia is the third-party beneficiary theory. The beneficiary of a contract between other parties is a proper party to maintain an action against the promisor of a contract. Ga.Code § 3-108. A party's status as a third-party beneficiary depends upon the intention of the contracting parties to benefit the third party, and this **intention is determined by a construction of the contract as a whole.** *Levy v. Empire Insurance Company*, 379 F.2d 860 (5th Cir. 1969); *Whitley v. Bryant*, 198 Ga. 328, 31 S.E.2d 701 (1944); *Carruth v. Aetna Life Insurance Company*, 157 Ga. 608, 122 S.E. 226 (1922).

…The Court concludes, however, that American Fletcher was merely an **incidental beneficiary**…"*Am. Fletcher Mortg. Co. v. First Am. Inv. Corp.*, 463 F. Supp. 186, 194-95 (N.D. Ga. 1978)

22

There was no payment made by Defendant Clayton County. There is no language in the confidential settlement agreement which says that Clayton County is a party to the agreement or beneficiary of the agreement.

The intention of the contract as a whole was for the benefit Ms. Hill and CorrectHealth LLC. Clayton County may be an incidental beneficiary, as such they have no standing to bring an action for enforcement of the confidential settlement agreement.

**B.      CorrectHealth Clayton LLC and Dr. Charles Clopton have been Dismissed With Prejudice and are unable to bring a motion to enforce the settlement agreement.**

Former Defendants CorrectHealth Clayton LLC and Dr. Charles Clopton were dismissed by Order of the Court.

1.      On January 27, 2023 Defendant Dr. Charles Clopton was dismissed by court order With Prejudice (N.D. Ga. Doc. 69). On February 2, 2023 Defendant CorrectHealth LLC was dismissed by court order With Prejudice from this action (N.D. Ga. Doc. 71).

The law that the court does not retain jurisdiction after dismissal is clear.

"We therefore find that for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue

23

the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district [**21] court's entry of an order retaining jurisdiction . . . " *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

"The underlying lawsuit was dismissed on [**24] March 2, 2009, when the Stipulation for Dismissal with Prejudice was filed in the district court pursuant to Rule 41(a)(1)(A)(ii).5 The Stipulation did not condition its effectiveness on the issuance of an order by the district court retaining jurisdiction, and the court did not issue such an order prior to the dismissal of the case. Therefore, the district court did not retain jurisdiction to enforce the Settlement Agreement.

Rule 41(a)(1)(A) is a useful tool in settling cases because it allows parties to dismiss an action without a court order. However, it must be used precisely to reach the desired result; ancillary jurisdiction does not allow a court to enforce a filed stipulation in the same way it allows a court to enforce its orders. Cf. Kokkonen, 511 U.S. at 380-81, 114 S. Ct. at 1676-77. Because the case was dismissed and jurisdiction was not retained, the district court did not have jurisdiction to consider the July 6 Motion to Compel, and we do not have jurisdiction to [**25] rule on the merits of that decision." *Anago Franchising, Inc. v. Shaz, LLC,* 677 F.3d 1272, 1281 (11th Cir. 2012).

"Indeed, the whole premise of Kokkonen is that a district court's power to issue new orders regarding a settlement agreement is terminated by the dismissal of the underlying [**14]  case, unless special measures are taken. Two of our sister circuits have accordingly held that a district court seeking to retain jurisdiction over a settlement agreement must take one of the steps prescribed by Kokkonen before a case is dismissed: a post-dismissal order, necessarily issued by a court that has already lost jurisdiction over the case, is ineffective. *See SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) ("[T]o ensure that jurisdiction is retained so a district court has the power to enforce the terms of a settlement agreement, . . . all of the requirements for retaining jurisdiction must be met at the time" of dismissal.); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012) ("[A] district court cannot retain jurisdiction by issuing a post dismissal order to that effect."). As the Fifth Circuit has said, "any action by the district court after the filing of . . . a stipulation [of dismissal] can have no force or effect because the matter has already been dismissed," and therefore amounts to mere "awareness and approval of the settlement [*361] terms," which is insufficient under Kokkonen.  *SmallBizPros*, 618 F.3d at 463-64." *Hendrickson v. United States*, 791 F.3d 354, 360-61 (2d Cir. 2015).

The District Court stated that "Defendants Clayton County and Victor Hill are clearly third party beneficiaries of the Settlement Agreement.  In any event the

25

former Defendants have standing to enforce the agreement." (N.D. Ga. 101 pg. 3) The District Court's position is unsupported by the terms of the Confidential Settlement Agreement and by case law and must be corrected.

The confidential settlement agreement contains no language which retained jurisdiction to the District Court.

The District Court dismissed the parties with prejudice. The Orders contained no language which retained jurisdiction to the District Court (N.D. Ga. Docs. 69 and 71)

The District Court's Ruling is in error.

## III.    THE INTENT OF THE CONTRACTUAL PARTIES TO THE SETTLEMENT AGREEMENT IS NOT THE INTENT AND REQUIRMENTS ARTICULATED BY THE COURT.

The Order of the Court seeks to interpret the intent of the parties and says what it believes CorrectHealth would have agreed too. (N.D. Ga. Doc. 101) These two matters are not subject to speculation in that the intent of the parties and what CorrectHealth would agree to do are both documented. Ms. Hill presents the following in support of her motion for reconsideration.

On December 13, 2022 Ms. Hill and CorrectHealth entered into a confidential settlement agreement.  Ms. Hill and CorrectHealth are the only parties to the agreement. (N.D. Ga. Doc. 81-1 SEALED).

The intention of the confidential settlement agreement was to resolve the claims of Ms. Hill against CorrectHealth. At no time did Clayton County participate in the mediation.

The Confidential Settlement Agreement was done for the benefit of the parties at the mediation.  A line-by-line explanation of paragraph two of section 1.2 of the sealed confidential settlement will clarify the intent of the parties:

> "Specifically, this Settlement Agreement resolves all medical and medical-related (including mental health) claims involving Tiana Hill and her minor child, Damir Hill, including the wrongful death of Damir Hill..."

The introduction speaks to resolving Ms. Hill's medical claims against CorrectHealth and Dr. Clopton only:

> "…In the Action, Plaintiff is not further pursuing any medical claims or any vicarious liability claims of any kind **derived from the delivery of medical care** against the remaining parties in this case, including the Sheriff, deputies, correctional officers, Clayton County and its employees, etc., to include allegations of violation of civil rights based upon **delivery of medical** care against the remaining parties in this case…"

It was the understanding of the parties at mediation that had Ms. Hill taken her matter to trial she would have been pursuing claims of medical malpractice in

nature which is the delivery of medical care. This portion was to ensure that CorrectHealth and Dr. Charles Clopton were not exposed to medical malpractice claims.

> "…Plaintiff's claims against the non-released parties arise from allegations that the County and the Sheriff failed to promptly present an injured or ill inmate to CorrectHealth employees and/or prevented an inmate from receiving medical care…"

This section identifies the claims that Ms. Hill could pursue. Failure to promptly present and the prevention from receiving medical care is the non-delivery of medical care. The remainder is as follows:

> Plaintiff will amend the Complaint in the Action to reflect the dismissal of such claims." (N.D. Ga. Doc. 81-2 p.2 Sec. 1.2 ¶ SEALED)

The settlement agreement requires Ms. Hill not to make claims based upon the delivery of medical care. The basis of Ms. Hill's complaint is the non-delivery of medical care. There is no prohibition in the settlement agreement against seeking recovery base on the non-delivery of medical care.

Words have meaning. Non-delivery and Delivery have two different meanings. Merriam Webster defines delivery as "the act or manner of delivering

something".  Non-delivery means "failure or refusal to deliver something (such as a product or service)".

The non-delivery of medical care was the cause of Ms. Hill's suffering and was the cause of Baby D.H. death. Non-delivery of medical care is the basis her Complaint thus it complies with the settlement agreement.

Ms. Hill's Clayton County Amended Complaint seeks recovery for suffering and death that resulted from the non- delivery of medical care.  "Not presenting" and "preventing" medical care is the non-delivery of medical care.

Ms. Hill's Clayton County Defendants Amended Complaint is in accordance with the confidential settlement agreement and does not require further amendment.

Prior to filing the amended complaint Ms. Hill offered CorrectHealth the opportunity to review it. CorrectHealth did not review the amended complaint. After the filing Ms. Hill was informed by CorrectHealth that the time of review presented a conflict. Having learned this, Ms. Hill and CorrectHealth engaged in communication to see if there was a way to resolve CorrectHealth's concerns. Ms. Hill's concern was that her case had been going on for years and needed to move forward.

The parties spoke via phone and communicated through email. The concerns and request of CorrectHealth were:

"• In the opening paragraph I clarified that this newest amended complaint fully replaces all prior versions that have been filed.

• I added a paragraph to specifically define "Jail Staff" and "Clayton County Jail Staff" to include all the intended remaining defendants, and to specifically exclude my clients.

• I further clarified the general summary of the remaining allegations to be made solely against the Jail Staff and not against my clients.

• You will see that by far the largest number of my edits made clear to capitalize Jail Staff throughout the document and/or to insert "Jail Staff" into existing sentences so that it is read to mean how it is defined at the beginning.

• I completely removed what was "Count VII – Liability for negligence of contractor." As we discussed by phone, the only contractor that can possibly be at issue in this case is my client, who contracted with Clayton to provide medical care in the jail. Clayton County's alleged liability for the contractor could only be its vicarious liability for my client's actions. The second paragraph of Section 1.2 of our settlement agreement states, "In the Action, Plaintiff is not further pursuing any medical claims or any vicarious liability claims of any kind derived from the delivery of medical care against the remaining parties in this case, including the Sheriff, deputies, correctional officers, Clayton County and its employees, etc., . . ."

Pursuant to the terms of the settlement agreement, Count VII is PRECISELY a vicarious liability claim that cannot be brought against the remaining defendants."" A copy to of the email in which CorrectHealth detailed their concerns is attached as (N.D. Ga. Doc. 102-1)

None of the concerns expressed or the request for change made by CorrectHealth pertain to the total removal of language related to the non-delivery of medical care. CorrectHealth's primary focus was on the Clayton County Jail Staff being clearly identified.

One of CorrectHealth's requests for change was the removal of a count for liability of a contactor. CorrectHealth's reasoning is that they are the only possible contractor therefore the count relates to them. There has been no discovery in this case. Ms. Hill has no proof that CorrectHealth is the only possible contractor. There may be other parties involved, to dismiss this claim would be a blind dismissal of a potential recovery.

CorrectHealth also provided a proposed amended complaint for submission. A copy of the CorrectHealth proposed redlined version (N.D. Ga. Doc. 102-2) as well as a clean copy (N.D. Ga. Doc. 102-2) was provided for the court's review. The proposed amended complaint shows that CorrectHealth was agreeable to claims against the jail staff for the non-delivery of medical care.

The following is proposed language provided by CorrectHealth in their version of the amended complaint:

"The Plaintiff brings this action based on the total and complete denial of medical care by Jail Staff, which led to the suffering of Ms. Tiana Hill and the death of baby D.H.  These remaining claims against Jail Staff allege that Jail Staff failed to promptly present an injured or ill inmate (Tiana Hill) to CorrectHealth employees and/or prevented Tiana Hill from receiving medical care.  The remaining claims are more fully described below.  This action specifically does not, and does not seek to, make allegations against any of CorrectHealth, LLC, CorrectHealth Clayton, LLC, Dr. Charles Clopton, and/or any and all employees of CorrectHealth LLC and/or CorrectHealth Clayton, LLC." (N.D. Ga. Doc. 102-2)

None of the changes requested by CorrectHealth relate to the total dismissal of all claims related to medical care.

Ms. Hill interpreted CorrectHealth's complaint language "failed to promptly present an injured or ill inmate (Tiana Hill) to CorrectHealth employees and/or prevented Tiana Hill from receiving medical care." to mean the same thing as non-delivery of medical care. As a result she feels that her version of the amended complaint said the same thing as the changes requested of CorrectHealth and there was not a need to amend the complaint again.

Ms. Hill filed her original complaint on December 28, 2021, over two years ago. Ms. Hill did not want to delay her case any further. To date, discovery has not commenced. Ms. Hill desires to advance her claims and have a jury hear her case as soon as possible. Ms. Hill knew at that time she had no further claims against CorrectHealth and would not be pursuing any claims against them. This is the primary reason for her not wanting to file another amended complaint.

Ms. Hill and CorrectHealth are the proper parties to express the intent of the settlement agreement.

The District Court's interpretation of the intent of the parties is contradictory to the actual intent of the Parties. The District Court's Order is contrary to the intent and agreement of the parties of the contract.

## IV.   CONCLUSION

Defendants Clayton County, Victor Hill and former Defendants CorrectHealth and Dr. Charles Clopton do not have standing to bring a motion to enforce settlement agreement.

The District Court incorrectly interpreted the intent of the parties to the Confidential Settlement Agreement. Ms. Hill's Clayton County Defendants Amended Complaint complies with the terms of the confidential settlement agreement. Ms. Hill's Clayton County Defendants Amended Complaint seeks

recovery based on the non-delivery of medical care and complies with the terms of the settlement agreement.

For the reasons stated above Ms. Hill moves the 11th Circuit Court of Appeals to reverse the District Court's Order to Enforce Settlement Agreement and allow Ms. Hill to move forward with her recovery for her devastating injuries.

Respectfully submitted this 24th day of May 2024.

/s/ Mitchell L. Albert III
Mitchell L. Albert III
Attorney for Plaintiff
Georgia Bar No.: 307196

Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Telephone (770) 675-6749 Fax (404) 601-6041
mitchell.albert@aiiiaa.com

## Certificate of Compliance

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I certify that the foregoing **APPELLANT'S OPENING BRIEF** complies with (1) the word limit of Rule 32 (a)(7)(B) of the Federal Rules of Appellate Procedure because it contains less than 13,000 words, and (2) the typeface and type-style requirements of Rule 32(a)(5) and (6) of the Federal Rules of Appellate Procedure because it has been prepared in a proportionally spaced typeface (Times New Roman) using Microsoft Word for Microsoft 365 in 14-point font size.

Respectfully submitted this 24th day of May 2024.

/s/ Mitchell L. Albert III
Mitchell L. Albert III
Attorney for Plaintiff
Georgia Bar No.: 307196

Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Telephone (770) 675-6749
Fax (404) 601-6041
mitchell.albert@aiiiaa.com

**Certificate of Service**

This is to certify that I, Mitchell L. Albert III, have this day electronically submitted the forgoing served the **APPELLANT'S OPENING BRIEF** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

Jacob E. Daly
Freeman Mathis & Gary, LLP
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
jdaly@fmglaw.com

Karen E. Woodward, Esq
CRUSER, MITCHELL, NOITZ,
SANCHEZ, GASTON & ZIMET, LLP
Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
kwoodward@cmlawfirm.com

Thomas E. Lavender III
Lavender Hoffman Alderman, LLC
945 East Paces Ferry Road
Suite 2000
Atlanta, GA 30326
ted.lavender@lhalawyers.com

Respectfully submitted this 24th day of May 2024.

/s/ Mitchell L. Albert III
Mitchell L. Albert III
Attorney for Plaintiff
Georgia Bar No.: 307196

Albert III & Associates LLC
3330 Cumberland Blvd.
Suite 500
Atlanta, GA 30339
Telephone (770) 675-6749
Fax (404) 601-6041
mitchell.albert@aiiiaa.com